IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

JOHN THORNBURG, )
)
       Plaintiff, )
)
vs. ) Case No. 17-06056-CV-SJ-ODS
)
OPEN DEALER EXCHANGE, LLC, )
d/b/a 700Credit, )
)
       Defendant. )

**ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO DISMISS, AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE**

Two motions are pending: (1) Defendant's motion to dismiss (Doc. #24), and (2) Plaintiff's motion to strike (Doc. #27). For the reasons below, both are denied.

## I. BACKGROUND

On May 5, 2017, Defendant removed this matter from the Circuit Court for Clinton County, Missouri. Doc. #1. On October 6, 2017, Plaintiff filed an amended complaint. Doc. #20. Plaintiff's amended complaint alleges Defendant violated the Fair Credit Reporting Act ("FCRA") by supplying inaccurate information about Plaintiff in a credit report provided by Defendant to an automobile dealership. Plaintiff intends to seek certification of two separate punitive classes. Plaintiff requests statutory and punitive damages, as well as costs and attorney's fees. On October 20, 2017, Defendant answered Plaintiff's amended complaint. Doc. #23.

## II. DEFENDANT'S MOTION TO DISMISS

Defendant argues Plaintiff gave "false, incomplete, and inaccurate" answers to written interrogatories, and committed perjury at his deposition taken on September 26, 2017, by failing to mention criminal and other civil matters in which he was involved. As a result, Defendant filed the now pending motion to dismiss, requesting dismissal of Plaintiff's claims, or alternatively, disqualification of Plaintiff as the representative of the

purported classes. Doc. #24. Defendant also seeks an award of attorney's fees associated with taking Plaintiff's deposition and filing the instant motion.

Defendant argues the Court has the power to sanction Plaintiff for his conduct under Federal Rule of Civil Procedure 37, and the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). To impose sanctions under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999) (citation omitted); *see also* Fed. R. Civ. P. 37(b)(2). To impose sanctions under the Court's inherent authority to manage its docket, the Court must find (1) clear and convincing evidence that misconduct occurred, and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits. *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694-95 (8th Cir. 2001) (citation omitted). Dismissal is a "drastic sanction" that should be used sparingly because "the opportunity to be heard [on the merits] is a litigant's most precious right." *Carey*, 186 F.3d at 1020 (quotations and citations omitted).

This is a discovery dispute about interrogatory and deposition answers given to Defendant by Plaintiff. The parties are aware Local Rule 37.1 governs discovery disputes in this Court. Doc. #12, at 1. The rule requires parties to attempt to resolve discovery disputes on their own prior to contacting the Court, at which time the Court will hold a telephone conference to resolve the dispute. L. R. 37.1. The rule expressly prohibits parties from filing a discovery related motion until the Court hears the dispute during a telephone conference. *Id.* Although the parties' briefs indicate some limited discussion about this dispute was held prior to or shortly after Defendant filed its motion, the parties did not comply with Local Rule 37.1. For this reason alone, Defendant's motion is denied.

The Court also declines to impose sanctions pursuant to Federal Rule of Civil Procedure 37. Due to Defendant's failure to comply with Local Rule 37.1, there is not an order compelling discovery in this matter. Accordingly, sanctions pursuant to Federal Rule of Civil Procedure 37 are not appropriate.

The Court also declines to impose sanctions pursuant to its inherent authority to manage its docket. After a thorough review of the parties' briefs, and Plaintiff's deposition and interrogatory answers, the Court cannot find clear and convincing evidence of misconduct worthy of either requested sanction. Plaintiff answered Defendant's interrogatories subject to general objections, and provided more specific objections to the interrogatories at issue. Doc. #25-4. Similarly, Plaintiff's deposition testimony does not reveal clear and convincing evidence of misconduct as Plaintiff responded to specific questions about the criminal and civil matters provided in his interrogatory answers. Doc. #25-3, at 48-62.

While Plaintiff apparently omitted some information in his interrogatory answers, the Court believes Plaintiff's answers, or lack of information contained therein, are more appropriately raised by Defendant at trial to impeach Plaintiff. Accordingly, the Court denies Defendant's motion to dismiss. Because the Court denies the motion, the Court also denies Defendant's request for attorney's fees.

### III. PLAINTIFF'S MOTION TO STRIKE

Plaintiff moves to strike certain answers and affirmative defenses contained in Defendant's answer (Doc. #23). Doc. #27. Specifically, Plaintiff asks the Court to strike Defendant's answers that state: (1) "In response to the allegations contained in Paragraph (sic), Defendant states that the document speaks for itself and therefore no response is required," and (2) "Paragraph (sic) contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same."[1] Plaintiff also asks the Court to strike an assortment of Defendant's affirmative defenses, summarized here as defenses related to failure to state a claim, punitive damages, waiver or estoppel, third-party conduct, and the statute of limitations.[2]

In responding to a pleading, a party must assert its defenses, and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). A

---

[1] Plaintiff's indicates the "speaks for itself" response was asserted in response to Paragraphs10-14, 22-24, 39, and 61, while the "legal conclusion" response was asserted in response to Paragraphs 1, 3, 16, 26, 31-35, 40-41, 45, 62-68, 71, and 73-75.
[2] Specifically, Plaintiff asks the Court to strike Affirmative Defenses 1-2, 4, and 8-12.

3

court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has discretion to strike portions of a pleading, but doing so "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citation omitted).

The Court declines to strike Defendant's "speaks for itself" and "legal conclusion" responses. Plaintiff has not asserted these responses are confusing or incomprehensible, but rather that they are legally insufficient. These responses are terms of art that do not prevent Plaintiff from understanding or comprehending Defendant's answer. *See Eternal Invs., LLC v. City of Lee's Summit*, No. 05-0521, 2006 WL 573919, at *1 (W.D. Mo. Mar. 8, 2006). Defendant cannot alter the substance or contents of the credit report at issue, but Defendant does dispute the underlying claims. A "speaks for itself" response allows Defendant to defend itself while not making a binding admission that Plaintiff may use against it later. The same can be said of Defendant's "legal conclusion" response made to assertions containing legal conclusions such as a determination that Defendant is a "consumer reporting agency" under the FCRA, or the credit report supplied by Defendant is misleading, inaccurate, and damaging. The Court finds these responses are not insufficient, and denies Plaintiff's motion to strike Defendant's answers to the previously identified paragraphs.

Plaintiff next asks the Court to strike some of Defendant's affirmative defenses. Defendant has agreed to withdraw its statement reserving the right to assert additional affirmative defenses that become known through discovery. Doc. #31, at 11. Withdrawal of that affirmative defense is appropriate because Defendant must proceed according to Federal Rule of Civil Procedure 15's guidance for amendment of pleadings to assert additional affirmative defenses. The Court considers this affirmative defense withdrawn.

The Court declines to strike the other affirmative defenses asserted by Defendant. The Court finds the affirmative defenses attacked by Plaintiff are not

4

insufficient as a matter of law, nor do these defenses contain redundant, immaterial, impertinent, or scandalous matter. Accordingly, the Court denies Plaintiff's motion.

## IV. CONCLUSION

For the above reasons, the Court denies Defendant's motion to dismiss (Doc. #24), and denies Plaintiff's motion to strike (Doc. #27).

IT IS SO ORDERED.

/s/ Ortrie D. Smith<br>
ORTRIE D. SMITH, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

DATE: January 9, 2018