IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JOHN THORNBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-06056-CV-SJ-ODS |
| | ) | |
| OPEN DEALER EXCHANGE, LLC, | ) | |
| d/b/a 700Credit, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT
OPEN DEALER EXCHANGE, LLC'S MOTION FOR SUMMARY JUDGMENT</u>

Pending is Defendant Open Dealer Exchange, LLC's ("ODE") Motion for Summary Judgment. Doc. #64. For the following reasons, ODE's motion is granted in part, and denied in part.

## I.  BACKGROUND

Plaintiff John Thornburg alleges ODE violated the Fair Credit Reporting Act ("FCRA") by "fail[ing] to follow reasonable procedures to assure maximum possible accuracy" of information contained in a consumer report. Doc. #20, at ¶ 47.[1] Thornburg contends a consumer report prepared by ODE (and provided to a car dealership) gave inaccurate and/or misleading information about Thornburg. *Id.*, ¶¶ 14-45, 60-70. More specifically, Thornburg claims the consumer report's inclusion of two aliases – i.e., Jack D. Thornburg and Jack M. Thornburg – was misleading. *Id.* ¶¶ 14-17, 35, 67-69. And he contends the references to "Chg-Off or Repo," which appeared in regard to a Sun Loan account, a Security Finance account, and Missouri child support, were misleading and/or inaccurate. *Id.* ¶¶ 24-34, 39-41, 61-66. Thornburg claims ODE's actions willfully violated the FCRA. *Id.* ¶¶ 48, 70-72.

In its answer, ODE denied it violated the FCRA. Doc. #23. ODE also filed a

---

[1] The parties understand Thornburg's claims are brought pursuant to 15 U.S.C. § 1681e(b), and not 15 U.S.C. § 1681b(e), which was also identified in the Amended Complaint. Doc. #99, at 1 n.1.

third-party complaint against Trans Union, LLC ("Trans Union") alleging Trans Union breached the Reseller Service Agreement ("RSA"), which governed the business relationship between and obligations of ODE and Trans Union. Doc. #42, ¶¶ 11-24. If inaccurate information was provided in Thornburg's consumer report, ODE alleges it was Trans Union (not ODE) that provided the inaccurate information. *Id.* In responding to the third-party complaint, Trans Union denied ODE's allegations. Doc. #75. And Trans Union filed counterclaims against ODE. *Id.* Therein, Trans Union alleged it did not report a "Chg-Off or Repo" code to ODE, and ODE breached the RSA and its obligations under the FCRA by adding inaccurate information to the data about Thornburg provided by Trans Union to ODE. *Id.* at 15-18.[2]

On March 8, 2018, ODE filed the pending motion for summary judgment. Doc. #64. Thereafter, Thornburg received an extension of time to respond to ODE's motion so that he could conduct discovery. Docs. #73-74. On July 26, 2018, both Thornburg and Trans Union filed suggestions in opposition to ODE's summary judgment motion. Docs. #100, 102. ODE filed its reply on September 6, 2018. Doc. #116-18. On September 17, 2018, Thornburg sought leave to file a sur-reply. Doc. #119. The Court expedited the deadline to respond to Thornburg's request. Doc. #120. After receiving no objections, the Court granted Thornburg leave to file a sur-reply. Docs. #121-22. ODE then sought leave to file a response to the sur-reply, but the Court denied ODE's request. Docs. #124-25. ODE's summary judgment motion, filed nearly seven months ago, is now fully briefed, and ripe for consideration.

## II.     STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the

---

[2] ODE unsuccessfully moved to dismiss Trans Union's counterclaims. Docs. #79, 99.

governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). Inadmissible evidence may not be used to support or defeat a motion for summary judgment. *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (citation omitted). The Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). "[A] nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted).

### III.    DISCUSSION

As defined by the FCRA, Trans Union and ODE are consumer reporting agencies ("CRA"). Doc. #42, at 3; Doc. #75, at 12-13. CRAs are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The FCRA provides a private right of action against CRAs that violate the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) (citing 15 U.S.C. §§ 1681o(a), 1681n(a)). Thornburg, in response to the pending summary judgment motion, conceded he was abandoning claims brought pursuant to 15 U.S.C. § 1681o, which permits claims for negligent violations of the FCRA. Doc. #100, at 29. Accordingly, ODE's motion for summary judgment on Thornburg's negligent non-compliance claims under 15 U.S.C. § 1681o is granted. Thornburg is left with his claim that ODE willfully violated the FCRA.

ODE argues it is entitled to summary judgment on the claim it willfully violated the FCRA. ODE contends Thornburg's consumer report was accurate, its procedures for producing the consumer report were reasonable, and its actions do not demonstrate willful non-compliance with the FCRA.

#### A.    Accuracy of the Consumer Report

ODE argues Thornburg's consumer report (Doc. #70-5) was accurate as a matter of law, and therefore, ODE is entitled to summary judgment. As it must do, the Court

viewed the admissible evidence presented by the parties in the light most favorable to Thornburg, and gave Thornburg the benefit of all inferences that may be reasonable drawn from the evidence. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 588-89. The Court finds a reasonable jury could conclude Thornburg's consumer report contained factual inaccuracies and/or was misleading, and genuine issues of material fact exist with regard to whether the consumer report contained factual inaccuracies and/or was misleading. Accordingly, ODE's motion for summary judgment is denied.

### B. Reasonableness of Procedures

Even if the Court were to conclude a genuine issue of material fact did not exist with regard to the accuracy of Thornburg's consumer report, ODE's second argument – that its procedures were reasonable – does not support entry of summary judgment in its favor. As a CRA, ODE must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Whether a CRA, such as ODE, followed reasonable procedures is typically a question for the jury. *See McCann v. CareerBldg. Employ. Screening, LLC*, No. 18-4105-MDH, 2018 WL 3978994, at *2 (W.D. Mo. 2018); *Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1091 (E.D. Mo. 2008); *see also Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156) (11th Cir. 1991) (noting the question of whether a CRA followed reasonable procedures is a jury question "in the overwhelming majority of cases"). Based upon the record, the Court finds a reasonable jury could conclude ODE's procedures were (or were not) reasonable to assure maximum possible accuracy of the information in Thornburg's consumer report.

Even if the reasonableness of ODE's procedures was not typically a jury question, the Court finds genuine issues of material fact exist with regard to whether ODE's procedures were reasonable, and whether ODE's procedures assured maximum possible accuracy of the information in the consumer report. For this additional reason, ODE's motion for summary judgment is denied.

### C. Willfulness

Finally, ODE argues it is entitled to summary judgment because its actions in creating Thornburg's consumer report did not demonstrate willful non-compliance with

the FCRA. To show willful noncompliance of the FCRA, Thornburg must show ODE "knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive." *Fahey*, 571 F. Supp. 2d at 1092 (internal quotations and citations omitted). The Supreme Court decided "willfulness" under 15 U.S.C. § 1681n encompasses actions amounting to reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-57 (2007) (noting "where willfulness is a statutory condition of civil liability," the Supreme Court has "generally taken it to cover not only knowing violations…but reckless ones as well."). More specifically, the Supreme Court noted:

> [A] company subject to [the] FCRA does not act in reckless disregard of [the FCRA] unless the action is not only in violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading [of the statute] that was merely careless.

*Id.* at 69. While the Supreme Court found "willfulness" in the civil context did not equate to the requirement of intent in criminal cases, it declined "to pinpoint the negligence/recklessness line." *Id.* at 57 n.9, 69. When viewing the evidence in the light most favorable to Thornburg and giving him the benefits of all inferences that may be reasonably drawn from the evidence, the Court finds genuine issues of material fact preclude entry of summary judgment in ODE's favor with regard to the willfulness (or lack thereof) of its conduct. For this additional reason, ODE's motion for summary judgment is denied.

## IV. CONCLUSION

For the foregoing reasons, ODE's motion for summary judgment is granted with regard to Thornburg's claims under 15 U.S.C. § 1681o, but ODE's motion for summary judgment is denied with regard to Thornburg's claims under 15 U.S.C. § 1681n.

IT IS SO ORDERED.

DATE: September 27, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT