IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JOHN THORNBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-06056-CV-SJ-ODS |
| ) | |
| OPEN DEALER EXCHANGE, LLC, ) | |
| d/b/a 700Credit, ) | |
| ) | |
| Defendant/Third-Party Plaintiff/ ) | |
| Counter-Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Third-Party Defendant/ ) | |
| Counter-Plaintiff. ) | |

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND SETTING DATE FOR FINAL APPROVAL HEARING

In October 2017, Plaintiff John Thornburg filed this putative class action against Open Dealer Exchange, LLC, alleging violations of the Fair Credit Reporting Act ("FCRA") in that Open Dealer failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in a consumer report produced on Plaintiff's behalf. Since that time, Open Dealer filed a third-party complaint against Trans Union, LLC, which then filed a counterclaim against Open Dealer.[1]

Now pending is Plaintiff's Motion for Conditional Class Certification, Preliminary Approval of Class Action Settlement, Appointment of Class Representative, and Appointment of Class Counsel. The Court has reviewed Plaintiff's motion (Doc. #133), the suggestions in support thereof (Doc. #133-1), and the settlement agreement (Doc. #133-2) (hereinafter, "Agreement"). Having done so, the Court grants Plaintiff's motion. The Court finds and orders as follows:

---

[1] This Order does not address Open Dealer's claims against Trans Union or Trans Union's counterclaims against Open Dealer.

(1) The terms of the Agreement and the settlement provided therein are approved preliminarily as fair, reasonable, and adequate to the Settlement Class as defined in the Agreement, subject to further consideration at the Final Approval Hearing.

(2) The definitions set forth in the Agreement are incorporated by reference in this Order.

(3) Plaintiff and Open Dealer entered into the Agreement to settle and resolve Plaintiff's and class members' claims against Open Dealer on a nationwide basis, subject to the Court's approval.

(4) The Court finds conditional certification of the Settlement Class is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure. First, "the party opposing the class has acted…on grounds that apply generally to the class, so that final injunctive relief…is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Second, no monetary relief is sought by the Settlement Class, and the remedy obtained by the Settlement Class in the settlement is indivisible because it accrues to all members of the Settlement Class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (stating "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.").

(5) The Court conditionally certifies the Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(2), and defines the Settlement Class as follows:

> All consumers in the United States who were the subject of an Open Dealer consumer report issued between April 4, 2015, and the date this Court enters its Final Judgment and Order, and which included the notation "Chg-Off or Repo."
>
> Excluded from the Settlement Class are (a) Open Dealer Exchange, Trans Union LLC, and their employees; (b) the Judge to whom the matter is assigned; and (c) any member of the Judge's staff or immediate family.

(6) Any person who previously settled or released all claims covered by this settlement, or any person who previously was paid or received awards through civil or administrative actions for all claims covered by this settlement, or any person who excludes him/herself from the class shall not be a member of the Settlement Class.

(7) Pursuant to the Agreement and for purposes of the settlement only, and to the extent necessary for conditional class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court finds preliminarily that:

    a. The putative members of the Settlement Class are so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class that predominate over questions affecting only individual members of the Settlement Class.

    c. The Named Plaintiff's claims are typical of the Settlement Class members' claims.

    d. The Named Plaintiff and Plaintiff's Counsel will fairly and adequately represent and protect the interests of the Settlement Class members.

    e. Certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of the controversies between the Settlement Class Members and Open Dealer.

(8) At this time, the Court finds notice to Settlement Class members is unnecessary. According to the United States Supreme Court, Rule 23(b)(2) "provides no opportunity for…class members to opt out, and does not even oblige the District Court to afford them notice of the action." *Dukes*, 564 U.S. at 362; *see also Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015) (stating, under Rule 23(b)(2), "opt-out rights for class members are deemed unnecessary and are not provided") (citations omitted). The settlement only waives the Settlement Class members' rights to pursue injunctive relief in the future against Open Dealer for its use of the "Chg-Off or Repo" notation, or join a class action in the future against Open Dealer for its use of the "Chg-Off or Repo" notation. *See* Doc. #133-1, at 19; Doc. #133-2, at 12-13. The settlement does <u>not</u> affect the Settlement Class members' rights to bring subsequent, individual claims for actual and statutory damages. *Id.*

(9) For purposes of this preliminary approval, for all matters related to the settlement, and until further Order of the Court, the Court appoints John Thornburg as the Class Representative of the Settlement Class, and Jason Brown and Jayson Watkins of the law firm of Brown and Watkins LLC as Class Counsel.

(10) All proceedings related to Plaintiff's claims against Open Dealer are stayed, except with regard to approval of the settlement.[2]

(11) A Final Approval Hearing will be held at 9:00 a.m. on June 27, 2019, in Courtroom 8C at the Charles Evans Whittaker Courthouse, 400 East Ninth Street, Kansas City, Missouri 64106. At the hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the settlement; (b) entry of a final order or judgment in the matter with respect to the Settlement Class; (c) application for Class Representative incentive award; (d) application for attorneys' fees; and (e) other related matters.

(12) Submissions by Plaintiff and Open Dealer relative to the settlement and Final Approval Hearing (e.g., memoranda in support of the settlement, application for attorneys' fees and expenses, application for payment of services rendered by Class Representative) shall be filed by no later than May 30, 2019. A fully executed copy of the Agreement shall also be filed by no later than May 30, 2019.

(13) If final approval of the settlement does not occur, or the settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the settlement is rescinded or terminated, the settlement and all proceedings in connection therewith shall be null and void and without prejudice to the Settlement Class Members' or Open Dealer's rights before the settlement was executed. Also, this Order and any of Orders issued pursuant to the settlement shall become null and void.

(14) The existence and terms of the Agreement and settlement shall not be construed as an admission, concession, or declaration by Open Dealer of any fault, wrongdoing, breach, or liability, or as a waiver by a party of any arguments, defenses, or claims a party may have, including, but not limited to, objections to class certification in the event the Settlement Agreement is terminated or not approved by the Court.

---

[2] This stay does not apply to the proceedings related to Open Dealer's claims against Trans Union and Trans Union's counter-claims against Open Dealer. Unless those parties' claims are dismissed prior to the scheduled pretrial conference, the pretrial conference will take place on July 24, 2019, and the trial will commence on August 26, 2019. All deadlines and requirements related to the pretrial conference and trial, as set forth in the Court's Scheduling and Trial Order, remain in effect

(15)     Pursuant to the Agreement and the Class Action Fairness Act of 2005 ("CAFA"), Open Dealer shall send via certified first-class mail, Federal Express, or a similar delivery method a notice of the settlement to the appropriate federal and state officials by no later than ten days after Plaintiff filed the pending motion.  *See* 28 U.S.C. § 1715(b)(1)-(8) (detailing requirements for notifying state and federal officials).  By no later than March 15, 2019, Open Dealer shall file a declaration attesting to service of all CAFA notices.

For the foregoing reasons, the Court grants Plaintiff's Motion for Conditional Class Certification, Preliminary Approval of Class Action Settlement, Appointment of Class Representative, and Appointment of Class Counsel.

IT IS SO ORDERED.

DATE: February 6, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT